

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

February 17, 1966

Honorable Joseph H. Mims
District Attorney
Midland County Courthouse
Midland, Texas

Opinion No. C- 613

Re: Applicability of Article
827a-6, V.P.C., to facts
outlined.

Dear Mr. Mims:

The following question was submitted to us for our opinion, by your predecessor in office, to wit:

> "May the State Highway Department in its discretion grant the owner and operator of equipment utilized as outlined above, a permit for the movement of such equipment under Section 2, Acts 1963, 58th Legislature, Page 492, Chapter 179 (Section 2, Article 827a-6, V.A.P.C.) provided such owner and operator otherwise complies with the conditions and pays the fees as prescribed by the Act and set forth by regulation of the Highway Department?"

Your opinion request and additional information submitted to this office concerning the equipment and its use are as follows, to wit:

There are certain trucks in use in your area for the purpose of fracing oil wells. The fracing operation involves high pressure injection of vast amounts of oil sand or other liquid sand mixture into a formation to cause fractures and thereby stimulate oil production. The trucks in question transport a frac fluid composed of frac oil, acid, clear water, brine and crude oil. The trailer tanks used in this business are custom made and specially equipped to perform this special function

of fracing. The trailer is made of high tensile steel to avoid corrosion and to withstand high pressures involved in fracing. The trailers are equipped with appropriate pumps to move large volumes of fluid rapidly through special non-corrosive lines and valves. The trailers in question are not suitable for any other purpose than that for which they were designed.

The equipment or vehicle in question backs up to the oil well and the frac fluid is run from the truck directly into the well. The fluid is forced into the well by the pump on the vehicle, while on other occasions, an additional pump is used to move the fluid from the truck to the well. At the completion of the fracing operation, the equipment takes the return frac fluid from the well and removes it from the lease. The fluids carried to and from the oil wells are owned by the owner of the vehicle, and the vehicles in question do not operate as carriers for compensation or hire.

The four and five axle vehicles in this operation meet the dimension, axle and over-all weight requirements of Article 827a, Vernon's Penal Code. These vehicles are duly registered and licensed under Article 6675a, Vernon's Civil Statutes, for the maximum amount of 72,000 pounds allowed under Article 827a, Section 5.

Because it is necessary for these fracing trucks to go to the oil well to perform their designed service, it is necessary at times for these vehicles to travel upon farm-to-market and ranch-to-market roads that have maximum weight limits of 58,420 pounds set by the Texas Highway Commission by authority of Article 827a, Section 5 1/2. It is shown that the vehicles in question are required to travel upon the 58,420 pound load limit roads approximately 18% of the total mileage traveled.

By virtue of their registration, the trucks in question, when carrying a full load of frac fluid, never exceed the weight limit of any roads traveled except the travel required upon the 58,420 pound load limit roads. In order to operate one of the vehicles within the legal weight limits of the 58,420 pound

load limit roads, it is necessary to reduce the trailer tanks to a partial load. A partial load in one of the trailers in question shifts laterally on turns and often causes the truck to overturn. We have been submitted written opinions of engineering experts that the trailer tanks cannot be baffled to prevent the lateral shift of the frac fluid. Because of the inability to provide lateral baffels, the lateral shift of a partially loaded trailer tank causes the vehicle to overturn when the truck attempts curves and turns in a road. Accident experience on these partially loaded fracing vehicles has resulted in property damage, personal injury and death. The only way to prevent load shift and the safe, practical operation of the fracing vehicles in question is to operate them fully loaded with fracing fluid.

The question presented is whether or not the vehicles in question are within the type of vehicle described in Section 2, Article 827a-6.

Article 827a-6 provides:

"Art.827a-6. Movement of oversize or overweight oil well servicing and drilling machinery

Purpose of Act

"Section 1. The provisions of this Act shall be cumulative of all other laws regulating the operation of vehicles and the movement of machinery on the highways of this state, it being the express intent of this Act to provide an optional procedure for the issuance of permits for the movement of oversize or overweight oil well servicing and/or oil well drilling machinery and equipment.

Permits; designation of routes

"Sec. 2. When any person, firm or corporation, desires to operate over any road or highway under the jurisdiction of the State Highway Department any vehicle

-2974-

which is a piece of fixed load mobile machinery or equipment used for the purpose of servicing, cleaning out, or drilling oil wells, and when such vehicle cannot comply with one or more of the restrictions set out in Sections 3 and 5 of Acts 1929, 41st Legislature, 2nd Called Session, Chapter 42, page 72, as amended (Article 827a, Vernon's Annotated Penal Code), the State Highway Department may, as an alternative to any other procedure authorized by law, upon application, issue a permit for the movement of such vehicle, when the Department is of the opinion that the same may be moved without material damage to the highway or serious inconvenience to highway traffic. Provided, however, that all cities and towns having a state highway within their limits may designate to the State Highway Department the route within the city or town to be used by said vehicles operating over the state highway. When so designated, the route shall be shown on all maps routing said vehicles by the State Highway Department. In the event a route is not so designated by a city or town, the State Highway Department shall determine the route on state highways for such vehicles within cities or towns. No fee, permit or license shall be required by any city or town for movement of said vehicles on the route of a state highway designated by the State Highway Department or on said special route designated by a city or town.

Necessity of registration of vehicles

"Sec. 3. Prior to issuing any permit for the movement of such vehicles, said vehicles must have been registered under Acts, 1929, 41st Legislature, 2nd Called Session, Chapter 88, as amended (Article 6675a, Vernon's Annotated Civil Statutes) for the maximum gross weight applicable to such vehicles under Section 5, Acts, 1929, 41st Legislature, 2nd Called Session, Chapter 42, page 72, as amended (Article 827a, Vernon's Penal Code), or shall have the distinguishing license plates as provided in Paragraph (c) of Section 2, Acts 1929, 41st Legislature, 2nd Called Session, Chapter 88, as added by Acts, 1961 57th Legislature, Regular Session, Chapter 259, page 554, as amended, if applicable to said vehicles.

Rules and regulations; forms and procedures;
violations; fees

"Sec. 4.   The State Highway Commission shall formulate
rules and regulations regarding the issuance of such permits
including, but not limited to, the forms and procedures to
be used in applying for same; conditions with regard to
route and time of movement and special requirements as to
flags, flagmen  and warning devices; the fees to be
collected and deposited in the State Highway Fund; whether
a particular permit shall be for one trip only, or for a
period of time to be established by the Commission;and
such other matters as the Commission may deem necessary
to carry out the provisions of the Act.  The failure of an
owner or his representative to comply with any rule or
regulation of the Commission or with any condition placed
on his permit shall render the permit void and immediately
upon such violation, any further movement over the highways
of the oversize or overweight vehicles, shall be in
violation of existing laws regulating the size and weight
of vehicles on public highways.

It is recognized that the movement of such overweight
and oversize vehicles is a privilege not accorded to every
user of the highway system, and it is logical and proper
that the fees to be charged for special transportation
permit be sufficient to provide that the permittee pay the
administrative costs incurred in the processing and
issuing of the permits, pay for the added wear on the
highways in proportion to the reduction of service life,
and for the special privilege of transporting a more
hazardous load over the highways thus compensating for the
economic loss to the operators of vehicles in regular
operation due to necessary delays and inconveniences
occasioned by these types of vehicle movements.  It is,
therefore, declared to be the policy of the Legislature
that in formulating such rules and regulations and in
establishing such fees, the Commission shall consider and
be guided by:

    a.   The state's investment in its highway system;

    b.   The safety and convenience of the general traveling public;

    c.   The amount of registration or license fee previously paid on the vehicle for which the permit is desired, and the amount of such fees paid by vehicles operating within legal limits; and

    d.   The suitability of roadways and sub-grades on the various classes of highways of the system, variation in soil grade prevalent in the different regions of the state and the seasonal effects on highway load capacity as well as the highway shoulder design and other highway geometrics and the load capacity of the highway bridges.

### Damages to highways

"Sec. 5. The issuance of a permit for an oversize or overweight movement shall not be a guarantee by the Department that the highways can safely accommodate such movement, and the owner of any vehicle involved in any oversize or overweight movement, whether with or without permit, shall be strictly liable for any damage such movement shall cause the highway system or any of its structures or appurtenances.

### Determination as to whether vehicle subject to registration; license plates

"Sec. 6. With respect to oil well servicing, oil well clean out, and/or oil well drilling machinery or equipment, the State Highway Department may, if determined by it to be necessary or expedient for the proper administration of the laws of this state regarding the registration and licensing of motor vehicles, establish criteria for determining whether a vehicle of the specific type described in this Section is subject to registration under Article 6675a, Revised Civil Statutes, or eligible for the distinguishing license plate provided

for in Paragraph (c) of Section 2, Acts, 1929, as added by Acts of 1961, 57th Legislature, Chapter 259, page 554, as amended, and on the basis of such criteria, said Department is authorized to determine whether such vehicle is or is not subject to registration under Article 6675a. Provided, however, that no vehicle heretofore authorized by the State Highway Department to operate without registration under the provisions of Article 6675a shall hereafter be required to register under the provisions thereof. <u>For all purposes under this Section 6 of this Act, oil well servicing, oil well clean out and oil well drilling machinery or equipment shall mean only those vehicles constructed as a machine used solely for servicing, cleaning out, and/or drilling oil wells, and consisting in general of a mast, an engine for power, a draw works and a chassis permanently constructed or assembled for such purpose or purposes.</u>

## Application of act

"Sec. 7. Nothing in this Act shall be construed to include or apply to any person, firm or corporation authorized by the Railroad Commission of Texas to operate as a carrier for compensation or hire over the public highways of this state, whether or not all the operations of such person, firm or corporation are performed under such certificate, permit or authority granted by the Commission." (Emphasis added)

The foregoing article provides for the issuance of a special permit for overweight travel provided the following conditions are met, to wit:

1. It is a piece of fixed load mobile machinery or equipment used for the purpose of servicing, cleaning out or drilling oil wells.

2. It is equipment that cannot comply with one or more of the restrictions set out in Article 827a, Section 5.

3. It must be a vehicle registered under Article 6675a for the maximum gross weight applicable to such vehicles under Section 5, Article 827a, or it must have distinguishing license plates evidencing that such vehicle is exempt from registration.

There is no doubt that the vehicles in question are equipment or machinery designed and used for servicing, cleaning out, or drilling oil wells. It is agreed that the equipment in question cannot comply with the weight requirements for travel on certain regulated farm and ranch roads. The vehicles are registered for the maximum gross weight applicable.

The only question to resolve herein is whether or not the type of vehicle or equipment in question is a piece of fixed load mobile machinery or equipment when loaded with a full load of frac fluid.

We are of the opinion that the facts above outlined clearly show that the above described vehicles, specifically designed for oil well fracing operations as above described, when fully loaded with frac fluid would constitute a piece of fixed load mobile machinery or equipment used for the purpose of servicing, cleaning out or drilling oil wells. To hold that such was not a fixed load simply because the quantity of the fluid could be lessened would lead to an absurdity. There would be no sound reason to require this specially designed equipment to be operated at partial capacity, when use in such a manner would cause damage or destruction to such equipment as well as danger to the operator thereof and the traveling public.

Therefore, the State Highway Department may, in its discretion, grant the owner and operator of the equipment utilized as outlined, a permit for the movement of such equipment under Sections 2,3,4 and 5 of Article 827a-6, provided that the owner and operator otherwise complies with the conditions required by the Highway Commission and pays the fees established by the Highway Commission.

Nothing in this opinion shall be construed to hold that the above mentioned and described vehicles shall be exempt from the usual registration fees required under Article 6675a.

The Highway Department shall have the sole discretion to determine whether or not a permit shall issue to the above vehicles under the following conditions, to wit:

1. When the Department is of the opinion that the same may be moved without material damage to the highway, or

2. Serious inconvenience to highway traffic.

3. If the vehicle in question is registered under Article 6675a.

Section 4 of Article 827a-6, provides that the Highway Department shall have the authority to prescribe the rules and regulations regarding the issuance of such permits and fees to be charged for such permits.

### SUMMARY

The State Highway Department may, in its discretion, grant the owner and operator of overweight mobile equipment which transports frac oil in servicing oil well equipment a permit for the movement of such equipment under Article 827a-6, V.P.C.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By _____
T. B. Wright
Assistant Attorney General

Hon. Joseph Mims, page 10 (C- 613)

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
K. B. Taylor
Gordon C. Cass
John Pettit
Brandon Bickett